UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.                                                  CASE NO.

JUPITER COMMERCIAL PROPERTIES, LLC and
MILLER'S ALE HOUSE, INC.,

        Defendants.

_____/

## COMPLAINT

    Plaintiff, DAVID POSCHMANN, by and through his undersigned counsel, hereby sues the Defendants, JUPITER COMMERCIAL PROPERTIES, LLC and MILLER'S ALE HOUSE, INC., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

## JURISDICTION

    1.    This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

## VENUE

    2.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

**PARTIES**

3.     Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012.  Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles.  Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the mobility-related ADA violations that exist at the Property, including those set forth in this Complaint.[1] Plaintiff intends to return to the Property soon to avail himself of the goods and services offered to the public at the Property.

4.     Defendants transact business in this judicial district within the State of Florida by, inter alia, being the owner of the Property, a shopping plaza (including the adjoining grounds servicing the shopping plaza) with a parcel i.d. address of 114 Datura Street in Jupiter, Florida and a street address of 126-226 Center Street in Jupiter, Florida (commonly known as Center Park Plaza) including a restaurant and bar commonly known as Miller's Jupiter Ale House located at the property at 126 Center Street in Jupiter, Florida.  Specifically, Jupiter Commercial Properties, LLC owns the real property and shopping plaza and Miller's Ale House, Inc. owns and operates Miller's Jupiter Ale House.

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.      On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.      Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7.      Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS").  Public accommodations were required to conform to these regulations on or before March 15, 2012.[2]

8.      The Property is a place of public accommodation pursuant to the ADA.

9.      Most recently, on January 20, 2016 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disability due to the

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including the ADA violations set forth in this Complaint.

10.     Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disability due to the mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

11.     Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all physical barriers relevant to Plaintiff's disability (i.e., mobility-related) that exist at the Property, thus making the Property accessible to Plaintiff, as required by the ADA.

## COUNT I – FOR INJUNCTION AGAINST
## JUPITER COMMERCIAL PROPERTIES, LLC

12.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

13.     A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property (including, **but not**

**limited to** Miller's Jupiter Ale House) and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable sections of the STANDARDS are also denoted[3]):

a)   Non-compliant accessible routes including a failure to safely connect the shopping plaza with the public sidewalk and to safely connect various buildings at the Property and to safely connect the disabled person parking spaces and access aisles with the retail promenade (in violation of STANDARDS 206, 402, 403, and 404);

b)   Non-compliant disabled person parking spaces and access aisles including but not limited to improper dispersion throughout the shopping plaza, lack of proper signage, excessive slopes, lack of compliant access aisles next to the disabled person parking spaces and lack of proper connection to the tenant entrances (in violation of STANDARDS 208 and 502);

c)   Non-compliant curb ramps (in violation of STANDARD 406);

d)   Non-compliant restrooms within the tenant spaces including but not limited to lack of compliant signage, lack of clear floor space, improper doors and door hardware, non-compliant grab bars, and non-compliant lavatories, non-compliant mirrors, non-compliant dispensers and non-compliant water closets (in violation of STANDARDS 213, 304.3, 404.2.4, 603, 604 and 606);

e)   Non-compliant disabled person signage (in violation of STANDARD 216);

f)   Non-compliant disabled person seating spaces and dining surfaces within the tenant spaces (in violation of STANDARDS 226 and 902);

g)   Non-compliant counters and bars within the tenant spaces whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

h)   Non-compliant accessible routes within the tenant spaces (in violation of STANDARDS 206, 401, 402, 403 and 404);

i)   Non-compliant doors, door hardware and maneuvering spaces at doors (in violation of STANDARD 404) and

j)   Non-compliant floor and ground surfaces (in violation of STANDARDS 302, 303, 304, 305 and 306).

---

[3] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

14.     Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires an inspection of the Property by an ADA expert to articulate all of Jupiter Commercial Properties, LLC's specific violations of the STANDARDS relevant to Plaintiff's disability.

15.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

16.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Jupiter Commercial Properties, LLC is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

17.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Jupiter Commercial Properties, LLC., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

18.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Jupiter Commercial Properties, LLC to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA, and the closing of the Property until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent

injunction enjoining Defendant, Jupiter Commercial Properties, LLC, from continuing its mobility-related discriminatory practices, ordering Jupiter Commercial Properties, LLC to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST MILLER'S ALE HOUSE, INC.

19.      Plaintiff reallages and reavers paragraphs 1 though 11 above as if fully set forth herein.

20.      A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Miller's Jupiter Ale House and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Miller's Jupiter Ale House, includes (the applicable sections of the ADA STANDARDS ("STANDARDS") are also denoted[4]):

   a)     Non-compliant restroom including but not limited to lack of compliant signage, lack of clear floor space and maneuvering space, improper doors and door hardware, non-compliant grab bars, non-compliant lavatory, non-compliant water closet, and non-compliant dispensers (in violation of STANDARDS 213, 304.3, 404.2.4, 603, 604 and 606);

   b)     Non-compliant disabled person directional signage (in violation of STANDARD 216 and 703.4.2);

   c)     Lack of disabled person interior and exterior dining and seating spaces (in violation of STANDARDS 226 and 902);

---

[4] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

d)    Non-compliant service counter and bar whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904) and

e)    Non-compliant doors, door hardware and maneuvering spaces at doors including a lack of level landing at the main entrance/exit (in violation of STANDARD 404).

21.    Although the above listing, in and of itself, denied Plaintiff, due to his disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at Miller's Jupiter Ale House in violation of the ADA, Plaintiff requires an inspection of Miller's Jupiter Ale House by an ADA expert to articulate all of Miller's Ale House, Inc.'s specific violations of the STANDARDS relevant to Plaintiff's disability.

22.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

23.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Miller's Ale House, Inc. is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

24.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Miller's Ale House, Inc., including litigation expenses and costs pursuant to 42 U.S.C. §12205.

25.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Miller's Ale House, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter Miller's

Jupiter Ale House to make it readily accessible to and usable by Plaintiff as required by the ADA, and the closing of Miller's Jupiter Ale House until such time as the required modifications are completed.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant, Miller's Ale House, Inc., from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Miller's Jupiter Ale House to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: lsarkin@aol.com
Attorneys for Plaintiff
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837